JUAN ABARCA PORTILLA, Plaintiff and Appellee, v. SECRETARY
OF THE TREASURY OF PUERTO RICO, Defendant and Ap-
pellant.

No. 12712.   Decided February 1, 1962.

858

Francisco Espinosa, Jr., Acting Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice, Marcos Feliciano Crespo, Counsel, Department of Justice for appellant. Fiddler, González, Guillemard & Rodríguez, and María Luisa B. Fuster for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## JUDGMENT

The appellee, Juan Abarca Portilla, challenged in the Superior Court some income tax deficiencies notified to him by the Secretary of the Treasury for the years 1946 to 1952, which resulted from certain income attributed by the Treasurer to the taxpayer which was derived from two trusts established by Abarca in favor of his two minor daughters. Against the judgment which set aside the deficiencies the present appeal was filed.

■ 1. As in the constitution deed of the trusts the constituent Abarca waived the usufruct from his minor daughters' properties, which is granted to him by law, the gains and benefits from the trusts cannot be included in his individual income tax returns. *Roig v. Sec. of the Treasury,* 84 P.R.R. 141 (1961); *cf. Serrallés v. Sec. of the Treasury,* 84 P.R.R. 10 (1961); *Álvarez v. Sec. of the Treasury,* 80 P.R.R. 15 (1957).

■ 2. The terms of the trust constitution having been carefully examined, the administrative action cannot be upheld either under the provisions of §§ 15(a), 20(g) and 20(h) of the Income Tax Act of 1924, 13 L.P.R.A. § § 694(a), 699(g) and 699(h). The facts of the instant case are substantially identical with those considered in *Boscio v. Sec. of the Treasury,* 84 P.R.R. 397 (1962). We have nothing to add to the statements made therein as to the applicable principles of law.

■ It is convenient to state clearly that in the case of Boscio we upheld the inclusion in the taxpayer's gross income

of those amounts which were not accumulated with the corpus and which in the discretion of the trustee were delivered to the beneficiaries, because "as respects these specific amounts, the possibility can not be foreclosed that they be applied to defray expenses of the minors," specially *"in the absence of a showing that they were not used for such purpose."* We further indicated that the taxpayer was bound to establish that although his children received this portion of the trust income, he complied with his obligation to support imposed on him by law out of his personal property or income. Precisely in the present case it was satisfactorily established that "in the education, care and support of the beneficiaries, the trust income has not been utilized," that "the benefits or income from the trusts have never been distributed among plaintiff's daughters," and that "the plaintiff's minor daughters have maintained and lived, since 1942, in the same social standing kept by the family before the establishment of the trusts."

As to the mere probability that the funds could be utilized in accordance with the terms of the trust to defray the expenses of the minors "in the event that the beneficiaries, before attaining majority, *should become orphans*, without any other means of subsistence, or without sufficient income for their support," this sole fact does not authorize the inclusion of the trust income in the taxpayer's income tax returns even if we should adopt the interpretation given by the Secretary to said clause in his brief,[1] for the opinion of *Helvering* v. *Stuart*, 317 U.S. 154 (1942) can not be read completely apart from the facts involved therein, nor unconnected from subsequent judgments which construed their scope. See *Hamiel's Estate* v. *Commissioner*, 253 F.2d 787 (C.A. 6, 1958); *Hopkins* v. *Commissioner*, 144 F.2d 683,

---

[1] Evidently the settlors intended to provide for the sole case of their daughter's orphanhood either without any other means of subsistence or without sufficient means, and in such case the parents would not be bound to support, for the obligation ceases with the death of the provider.

692 (C.C.A. 6, 1944); *Commissioner* v. *Katz*, 139 F.2d 107 (C.C.A. 7, 1943).

The judgment rendered by the Superior Court, San Juan Part, on June 6, 1958 is affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*